**UNITED STATES of America,
Appellee,**

v.

**Francis Hugh LARKIN, Defendant,
Appellant.**

**No. 7178.**

United States Court of Appeals
First Circuit.

Nov. 3, 1969.

Michael J. Norris, Framingham, Mass., by appointment of the Court, for appellant.

Edward J. Lee, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Defendant Francis Hugh Larkin was convicted of robbing a government employee of property of the United States in violation of 18 U.S.C. § 2114. Since the jury found that defendant and his accomplice had placed the lives of their victims in jeopardy, defendant received the mandatory twenty-five year sentence. Defendant's most substantial assignment of error concerns an encounter between defendant and a juror while defendant was in custody.

On the morning of the third day of trial, a member of the jury shared an elevator with defendant while defendant was handcuffed and in the custody of a United States marshal. Counsel for the government called this incident to the court's attention on the following day. The court, aware of our recent decision in O'Shea v. United States, 400 F.2d 78 (1st Cir. 1968), cert. denied 393 U.S. 1069, 89 S.Ct. 726, 21 L.Ed.2d 712, immediately recessed, summoned the entire panel of jurors, and inquired whether any of them had either heard of the incident in the elevator or observed defendant en route to and from the courtroom. Seven jurors responded affirmatively to one of the two questions. Each of these jurors was questioned individually by the court concerning his observations and the possibility of resulting prejudice, and each juror was cautioned not to discuss his interview. The court then summoned counsel, related the gist of its interviews, and found that the incidents had in no way prejudiced any juror against the defendant. The court also found that the conduct of the marshals in escorting defendant to and from the courtroom in handcuffs was justified by the fact that defendant was then serving sentence under a prior conviction. With the approval of counsel, the court instructed the jury that it should disregard the fact that defendant was in custody, that such custody was not unusual in this kind of case and had no bearing on defendant's guilt or innocence. The court not only gave counsel an opportunity to object but invited suggestions as to any different procedure, but counsel for defendant expressed satisfaction and ventured an opinion that the jury would still be able to render an impartial verdict.

 Nevertheless, defendant now urges that "a presumption of partiality has been raised" and that the trial court, sua sponte, should have dismissed the juror who observed defendant in the elevator or declared a mistrial. We disagree. In O'Shea v. United States, supra, we recognized that a juror's chance observation of a defendant in custody could, if untreated, provide a source of prejudicial speculation which might infect the ultimate verdict. But in this case, the trial court has dispelled the possibility of prejudice by prompt examination of the jurors involved and by careful instructions. We think the court below adequately discharged its duty to explore the question of bias. See United States v. Napoleone, 349 F.2d 350, 353–354 (3d Cir.1965). Certainly, there is no indication that any juror possessed the kind of fixed opinion which would raise a presumption of partiality and compel disqualification. Irvin v. Dowd, 366 U.S. 717, 722–725, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).

 Our own examination of the record on appeal reveals that the trial court did not invite counsel to attend the interrogation of the jury. While this would have been the better practice, Lewis v. United States, 295 F. 441, 445 (1st Cir. 1924), Lash v. United States, 221 F.2d 237, 242 (1st Cir. 1955), counsel who represented defendant at trial did not demand such procedure, nor object to the procedure adopted, nor request further inquiry when the court invited suggestions. Indeed, although counsel for defendant knew of the incident in the elevator, it was the prosecutor who called the incident to the court's attention and suggested the need for further action. Under these circumstances, the absence of counsel from the

interviews was at best harmless error. Fed.R.Crim.Proc., Rule 52(a).*

Our consideration of the record and briefs convinces us that defendant's remaining assignments of error are without merit.

Affirmed.

---

\* Had defendant been unaware of the court's interviews with the jurors, *see* Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), or had the court's action infringed on a specific constitutional guarantee, such as the right of confrontation, we would feel obliged to apply the stricter test of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) in determining prejudice. When, however, the trial court exercises its discretion to safeguard defendant's rights in a matter collateral to the main issues at trial, and defendant acquiesces, we think defendant must make some plain showing of prejudice to justify reversal. United States v. Woodner, 317 F.2d 649, 652 (2d Cir. 1963).