**Francis A. VITELLO, Petitioner, Appellee,**

v.

**Charles GAUGHAN, etc., Respondent, Appellant.**

**No. 76–1207.**

United States Court of Appeals, First Circuit.

Argued Oct. 4, 1976.

Decided Nov. 8, 1976.

Barbara A. H. Smith, Asst. Atty. Gen., Crim. Div., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen. and John J. Irwin, Jr., Asst. Atty. Gen., Chief, Crim. Bureau, Boston, Mass., were on brief, for appellant.

Thomas J. Carey, Jr., Brookline, Mass., on brief for Massachusetts Dist. Attys. Ass'n, amicus curiae.

Francis J. DiMento, Boston, Mass., with whom James J. Sullivan, Jr., Philip T. Tierney and DiMento & Sullivan, Boston, Mass., were on brief, for appellee.

Before COFFIN, Chief Judge, and ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Petitioner for habeas corpus finds himself in state prison as a result of evidence acquired by a wiretap authorized by a warrant which failed to contain the 30-day limit required by the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2518(5). The application for the warrant contained the limitation, but, by secretarial negligence, none was included in the warrant itself. In point of fact, the evidence was acquired in 12 days. On appeal, the Massachusetts court sustained the conviction, *Commonwealth v. Vitello*, Mass. Adv.Sh. (1975) 769, 327 N.E.2d 819, holding that the warrant must be read in conjunction with the application, and that, alternatively, petitioner had no complaint in the absence of prejudice. Petitioner takes the position that, under federal law, since the warrant contains no reference to the application, it must be read on its face, and hence it, and its fruits, are to be treated as void.

While the habeas corpus statute authorizes issuance of the writ to those who are in state custody "in violation of the Constitution [1] *or laws* . . . of the

United States," 28 U.S.C. § 2254 (emphasis suppl.), it has never been thought that every error of law in a criminal trial warrants issuance of the writ. *See, e. g., Davis v. United States*, 1974, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109. Indeed, even a constitutional violation will not call for habeas corpus relief where the petitioner was not harmed by the error. *E. g., Booton v. Hanauer*, 1 Cir., 1976, 541 F.2d 296; *Subilosky v. Moore*, 1 Cir., 1971, 443 F.2d 334, *cert. denied*, 404 U.S. 958, 92 S.Ct. 328, 30 L.Ed.2d 276. We hold that whether or not the state court erred, as a matter of federal law, in reading the warrant and application together,[2] petitioner is not entitled to release since the error, if any, was not prejudicial.

As the Court said in *Davis v. United States*, supra, 417 U.S. at 346, 94 S.Ct. at 2305, quoting *Hill v. United States*, 1962, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417, in determining whether an alleged nonconstitutional error is cognizable on collateral review,

"the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'"

Though *Davis* involved section 2255, we think the test the Court set forth for determining whether an alleged violation of federal law warrants habeas corpus relief is equally applicable to section 2254. *See Hill v. United States*, supra, at 428 n. 5, 82 S.Ct. 468, *semble*.

It being apparent that no prejudice resulted from the inadvertent omission of a termination date from the warrant, peti-

---

1. The district court held petitioner's custody to be in violation of the Constitution, a ruling that petitioner concedes cannot stand in view of the Court's subsequent decision in *Stone v. Powell*, 1976, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067, holding that habeas corpus relief is not to be afforded for Fourth Amendment claims already litigated in state criminal proceedings.

2. Petitioner cites as allegedly contrary authority, *Moore v. United States*, 1972, 149 U.S.App. D.C. 150, 461 F.2d 1236; *United States v. Meeks*, 6 Cir., 1963, 313 F.2d 464; *United States v. Ortiz*, D.Colo., 1970, 311 F.Supp. 880, *aff'd* 10 Cir., 445 F.2d 1100, *cert. denied*, 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545.

tioner argues that prejudice need not be shown, and that *Davis* is distinguishable because it did not involve an exclusionary rule. We are not persuaded by petitioner's cases allegedly supporting the proposition that prejudice is irrelevant; counsel fails to note that all of them involve direct, not collateral review, a distinction often pointed out. *See, e. g., Atwell v. Arkansas,* 8 Cir., 1970, 426 F.2d 912, 915. Alternatively, petitioner urges that this is a special case because of Congress' announced concern over unjustified and excessive wiretapping. *See* Omnibus Crime Control and Safe Streets Act of 1968, § 801, 82 Stat. 211. Granted that Congress was interested in deterrence, *see* S.Rep.No.1097, 90th Cong., 2d Sess. (1968), 1968 U.S.Code Cong. & Admin.News at p. 2185, clearly it was concerned with substantive excesses, not stenographic error. The fruit of such error should not be a windfall for petitioner.

*Reversed; petition dismissed.*