Bernard STROBLE, Petitioner,

v.

Charles E. EGELER, Warden, State Prison of Southern Michigan, Respondent.

No. 76–1644.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 16, 1976.

Decided Jan. 13, 1977.

Neal Bush, Ernest Goodman, Detroit, Mich., W. Haywood Burns, New York City, for petitioner.

Frank J. Kelley, Atty. Gen. of Michigan, Robert A. Derengoski, Jann Ryan Baugh, Thomas L. Casey, Lansing, Mich., for respondent.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Petitioner-appellant perfected this appeal from an order of the district court denying his petition for habeas corpus relief, and the case has been submitted on the record on appeal and on the briefs and oral arguments of counsel. The petition, as does this appeal, represents a collateral attack on his conviction in a Michigan state court of first degree murder.

So far as they are pertinent to this opinion, the facts established by the record are that while appellant was serving a sentence for an unrelated offense in the State of New York, he was on June 27, 1968, brought back to Michigan pursuant to the Interstate Agreement on Detainers to face charges of assault with intent to commit murder and of first degree murder. He was indicted for both offenses, and a trial concluded on October 8, 1968, on the assault charge, resulted in his conviction of the lesser included offense of assault with intent to do bodily harm less than murder. Thereafter, a first degree murder trial was scheduled for October 23, 1968, but on October 11, 1968, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan and the state authorities continued the trial pending a determination of the habeas corpus action. The district court dismissed the habeas corpus petition on November 7th and in a trial conducted from December 16, 1968, to December 20, 1968, appellant was found guilty of first degree murder and sentenced to life imprisonment.

Following procedures not here material, appellant was returned to New York and then transported back to Michigan, where he is presently serving sentences imposed for the assault and murder convictions in the custody of the respondent-appellee.

■ It is concluded that appellant's contention that Michigan waived its right to imprison the appellant on the murder conviction when its authorities returned him to New York after he had begun serving the life sentence in Michigan through administrative mistake is without merit. However, his other contention requires consideration.

That contention arises out of the fact that the Interstate Agreement on Detainers requires that a person returned thereunder must be brought to trial within a 120 day period, and 173 days intervened between appellant's return to Michigan and the murder trial. The Michigan state court of appeals held that because the delay beyond the 120 day period resulted from appellant's institution of the habeas corpus proceedings, and the trial commenced within a reasonable time after the disposition thereof, the period of limitation had been tolled. The district court agreed with petitioner that the habeas corpus proceeding did not toll the 120 day period, but held that the Interstate Agreement, which it properly found provided a basis for the present attack, was nevertheless not violated because the stay in the proceedings resulted from the granting of valid continuances in the murder trial. It is this determination by the trial court which is particularly under attack in this appeal and which forms the basis for the remand which we conclude to be required.

■ In regard to such continuances, appellant strenuously argues that no delay in the murder trial should have been granted except for good cause shown in an open court proceeding, following notification to him, and after affording him an opportunity to be present with counsel. While not presently passing on the legal consequences of such failures (if any occurred), we observe that the present record affords no proper basis for consideration of the issue sought to be raised.

It is therefore directed that the district court determine on the basis of an evidentiary hearing or otherwise whether the continuances were on the basis of good cause shown after notification and with appellant and counsel present. If there was failure to observe one or more of these provisions, the court should then determine whether prejudice to the appellant resulted therefrom, and if not, whether non-prejudicial violation of the Compact nonetheless mandates vitiation of the trial and sentence and dismissal of the indictment.

Remanded.