**Michael K. DUPONT, Petitioner, Appellant,**

v.

**Frank A. HALL et al., Respondents, Appellees.**

**No. 76–1419.**

United States Court of Appeals, First Circuit.

May 16, 1977.

Dyanne Klein Polatin, Boston, Mass., for appellant.

Paul W. Shaw, Asst. Atty. Gen., Crim. Div., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., and Stephen R. Delinsky, Asst. Atty. Gen., Chief, Crim. Bureau, Boston, Mass., were on brief, for appellees.

Before COFFIN, Chief Judge, and MOORE * and ALDRICH, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Petitioner Dupont appeals from the denial of a writ of habeas corpus. The facts need not be fully stated. Petitioner was stopped on the highway, shortly following an armed robbery, as the result of an accumulation of suspicious circumstances and alert police action. Probable cause, the existence of which was, at the least, highly arguable, was found by the state court, and his conviction was affirmed on appeal. In *Vitello v. Gaughan*, 1 Cir., 1976, 544 F.2d 17,

* Of the Second Circuit, sitting by designation.

18 n.1, we accepted a defendant's concession that *Stone v. Powell* (1976), 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, precluding relitigation of Fourth Amendment claims on habeas corpus, was retrospective. We now so hold. *Bracco v. Reed*, 9 Cir., 1976, 540 F.2d 1019; *Chavez v. Rodriguez*, 10 Cir., 1976, 540 F.2d 500; *George v. Blackwell*, 5 Cir., 1976, 537 F.2d 833. Petitioner's contention that he was denied "an opportunity for full and fair litigation of [his] Fourth Amendment claim," *Stone, ante*, 428 U.S. at 482, 96 S.Ct. at 3046, because the state court erred in its decision, would reject the whole rationale of the *Stone* holding.

 Nor do we accept petitioner's claim arising from the jury's accidental viewing of him in custody. The facts here are somewhat unusual. While the jury was engaged in its final deliberations, it was transported in a courthouse elevator. The elevator accidentally stopped, momentarily, on the wrong floor, and petitioner could be seen in confinement. No one reported this to the court, and the jury resumed its deliberations, ultimately finding the petitioner guilty on some counts, and not guilty on others. Thereafter, having learned of this occurrence, the court related it in open court, whereupon petitioner moved for a mistrial. The motion was denied, and sentence imposed. The next day, the court interviewed the court officers ex parte, satisfying itself that the incident had not evoked any unusual reaction on the part of the jurors.

The days when defendants, or certain classes of defendants, were, without apparent need, tried to a jury in conspicuous custody have long gone. Nonetheless, there have been, and will doubtless continue to be, occasional instances where defendants are inadvertently observed in custody out of the courtroom. While, of course, this is to be avoided so far as possible, it is inevitable that accidents will happen. Nor do we think it as serious as is always sought to be maintained. With the plethora of court news appearing daily in the press, even the most unsophisticated juror must know that defendants indicted for serious crimes, and often even for minor ones, may have to post bail. They must also know that many defendants lack the resources to accomplish this. Under these circumstances we cannot think that the emotional impact of seeing the defendant in custody is necessarily hostile—it may be quite the reverse. *See Estelle v. Williams*, 1976, 425 U.S. 501, 507–08, 96 S.Ct. 1691, 48 L.Ed.2d 126.

While we much prefer that the fact that the jury saw a defendant in custody be brought to the attention of the court, and the court respond by stating that no inferences are to be drawn, giving a benign reason, *United States v. Larkin*, 1 Cir., 1969, 417 F.2d 617, *cert. denied*, 397 U.S. 1027, 90 S.Ct. 1271, 25 L.Ed.2d 536, nonetheless, we hold that even when this remedy is absent there is a heavy burden on the defendant to justify a mistrial. *See Wright v. Texas*, 5 Cir., 1976, 533 F.2d 185, 187; *United States v. Chrzanowski*, 3 Cir., 1974, 502 F.2d 573, 576. Here, the defendant made no showing of actual prejudice, and did not request that the jury be polled or that a hearing be held to determine the extent of any possible prejudice.

Again, it would have been better had the interview with the court officers been under different conditions, but inasmuch as the court, after the trial was completed, went beyond what defendant requested to assure itself that no prejudice had resulted, we see no denial of constitutional rights in its failure to invite counsel to participate. *See United States v. Larkin*, ante, 417 F.2d at 618.

*Affirmed.*