Thomas M. FASANO, Petitioner, Appellant,

v.

Frank HALL et al., Respondents, Appellees.

No. 79–1507.

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1980.

Decided Feb. 21, 1980.

As Amended on Denial of Rehearing April 1, 1980.

---

Martin C. Gideonse, Cambridge, Mass. by appointment of the Court, for petitioner, appellant.

Barbara A. H. Smith, Asst. Atty. Gen., Chief, Crim. App. Div., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., and Stephen R. Delinsky, Asst. Atty. Gen., Chief, Crim. Bureau, Boston, Mass., were on brief, for respondents, appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Appellant Fasano appeals from the denial of his petition for a writ of habeas corpus by the district court. The petition is based on Fasano's claim that the steps taken by the Commonwealth of Massachusetts leading to his conviction constituted violations of the Interstate Agreement on Detainers Act, 18 U.S.C. App., § 2, Mass.Gen.Laws c. 276, § 1–1 [IAD]. The district court in dismissing the petition ruled against appellant on the merits of his claim, finding no violations of the IAD. The appellee supports this finding; however, in addition it contends that appellant's claims are not cognizable under the habeas corpus statute, 28 U.S.C. § 2254. Finding this contention correct, we address only the issue of cognizability on this appeal. First, however, we summarize the relevant facts leading up to this appeal.

## A.

Fasano was indicted by a Middlesex County (Massachusetts) grand jury in 1974 on charges of forging and uttering, larceny, attempted larceny, and possession of an altered license to operate a motor vehicle. On March 19, 1976, the district attorney of Middlesex County lodged a detainer against Fasano at the Federal Correctional Institute in Danbury, Connecticut, where he was serving a two year sentence. In accordance with Article III of the IAD, on April 13 Fasano filed a request for final disposition of the Middlesex indictments.

Before Middlesex County responded by requesting custody of Fasano for a trial, the Superior Court of Massachusetts in Suffolk County, acting with regard to an indictment unrelated to the Middlesex indictment, issued a writ of habeas corpus ad prosequendum pursuant to which Fasano was delivered to the custody of Suffolk County authorities on April 28, 1976. On May 17, the Middlesex district attorney requested temporary custody of Fasano from Danbury officials for a trial tentatively set for May 21. The Danbury officials replied on May 19 that Fasano was unavailable since he had been transferred to Suffolk County.

Defaults under the Middlesex indictments were entered against Fasano, and no other actions were taken by the Middlesex district attorney concerning Fasano until he was informed by Danbury officials that Fasano had returned to Danbury. The Middlesex district attorney again requested custody, and, on July 23, Fasano was delivered to the custody of Middlesex County.

The defaults on the indictments were removed and trial was set for September 20. The trial date was then continued to September 28, at which time counsel was for the first time appointed. The newly appointed counsel requested a "mid-October" trial, which was scheduled for October 7.

On October 7, Fasano declared his intention to file a pro se Motion to Dismiss under the IAD. The district attorney requested a week's delay to study the issues raised by the motion, and, with the agreement of appointed counsel, a continuance was granted until October 15. On that date, neither Fasano, who was in the courthouse lock-up, nor his appointed counsel were present at the call of the list. The court therefore continued the case again, until November 2. On that date, the court heard and denied the Motion to Dismiss, and reset the trial for November 8, when it finally commenced.

Fasano was convicted and filed an appeal in state court on the basis of the denial of his Motion to Dismiss. He claimed that the failure of the Middlesex district attorney to attempt to try him before he was returned to Danbury from Suffolk County constituted a violation of Article III(d) of the IAD, and that the continuances granted beyond October 10, which was 180 days after his filing of the written request for final disposition, violated Articles III(a) and V(a). The Massachusetts Appeals Court ruled against Fasano, finding no violations of the IAD, and further review was denied by the Supreme Judicial Court of Massachusetts. The district court, in dismissing Fasano's petition, also found that the IAD had not been violated.

### B.

Under the general habeas corpus statute, 28 U.S.C. § 2254, relief is available from a federal court on the grounds that a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Despite the broad language of the statute, its application historically has been limited in various respects since the enactment of its original version in 1867, Act of Feb. 5, 1867, c. 28, § 1, 14 Stat. 385. *See Stone v. Powell*, 428 U.S. 465, 475, 96 S.Ct. 3037, 3043, 49 L.Ed.2d 1067 (1976). *See generally*, P. Bator, *Finality in Criminal Law and Federal Habeas Corpus for State Prisoners*, 76 Harv.L.Rev. 441 (1963); *Developments in the Law—Federal Habeas Corpus*, 83 Harv.L.Rev. 1038, 1042–72 (1970).

Generally, the question of cognizability of claims under § 2254 and its federal counterpart, 28 U.S.C. § 2255, has focused on claims which are based upon assertions of constitutional violations, rather than violations of other federal laws. Indeed, despite the literal language of the statute, there was substantial confusion about whether or not any nonconstitutional claims, other than perhaps those pertaining to jurisdictional matters, were cognizable. *See Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *Townsend v. Sain*, 372

U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963) ("State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution.") (dictum); *Developments in the Law, supra*, 83 Harv.L.Rev. at 1071.

In *Davis v. United States*, 417 U.S. 333, 345, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974), the Supreme Court ended this confusion for federal habeas corpus and held that nonconstitutional federal claims were cognizable under § 2255 if "the claimed error of law [is] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States, supra*, at 346, 94 S.Ct. at 2305, *quoting Hill v. United States*, 368 U.S. 424, 429, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). Under *Davis*, therefore, it would appear that the question presented by this appeal is whether the asserted violations of the IAD upon which Fasano bases his petition are "fundamental defect[s]" leading to "a complete miscarriage of justice".

Appellant, however, contends that the above stated standard of cognizability set forth in *Davis*, a § 2255 case, should not be applied in this § 2254 case. He argues, in effect, that a policy underlying the availability of habeas relief is the need to have a federal forum to determine issues of federal law, and that therefore § 2254 cases, in which the first forum is state, should have a lower threshold of cognizability than § 2255 cases, in which the trial forum is federal.

While this argument is not without some force, it is nevertheless unpersuasive. To the extent that issues of federalism have affected the interpretation of § 2254, the tendency may be towards making § 2254 more, rather than less, restrictive than § 2255 due to considerations of comity. *See Francis v. Henderson*, 425 U.S. 536, 539, 96 S.Ct. 1708, 1710, 48 L.Ed.2d 149 (1976). *Compare Stewart v. Cox*, 344 F.2d 947 (10th Cir. 1965) ("State prisoners may obtain relief in federal courts only when rights guaranteed them by the Constitution of the United States have been denied.") *with Hall*

*v. United States*, 410 F.2d 653 (4th Cir.), *cert. denied*, 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969) (habeas review of non-constitutional errors by federal district court allowed). Moreover, the reliance that appellant's federal forum rationale places upon an assumption that state judges will be less conscientious than federal judges in enforcing the IAD is not in our opinion sound. *See Stone v. Powell, supra*, 428 U.S. at 493–94, 96 S.Ct. at 3052.

More importantly, the Supreme Court precedents leave no room for appellant's suggested dual standard. Starting with its first substantial discussion of § 2255, *see United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952), the Court has without exception repeatedly held that sections 2254 and 2255 are identical in scope. *See e.g., Heflin v. United States*, 358 U.S. 415, 421, 79 S.Ct. 451, 454, 3 L.Ed.2d 407 (1959)) (concurring opinion of five justices); *Hill v. United States, supra* ; *Davis v. United States, supra*. In this circuit, we have already taken cognizance of this fact, *see Vitello v. Gaughan*, 544 F.2d 17, 18 (1st Cir. 1976), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). Even in those § 2254 cases in which appellant's suggested "federal forum" rationale for a lower standard of cognizability would apply most forcefully, i. e., cases in which claims of constitutional magnitude are rejected by state courts, the Supreme Court has applied the *Davis* standard. *See Stone v. Powell, supra*, 428 U.S. at 477, n. 10, 96 S.Ct. at 3044, n. 10.

■ We therefore hold that the *Davis* standard of cognizability applies to this § 2254 petition.

### C.

■ Applying this standard, we find that the alleged violations of the IAD upon which Fasano bases his claims are not "fundamental defects" indicating a "miscarriage of justice". In reaching this finding, we note first that the two circuit courts that have addressed the issue in light of *Davis* have held that IAD violations are generally not cognizable in a habeas proceeding. *See*

*Hitchcock v. United States*, 580 F.2d 964, 966 (9th Cir. 1978) (asserted violation of IAD provisions "falls far short of a 'fundamental defect' . . . that might justify § 2255 relief"); *Edwards v. United States*, 564 F.2d 652 (2d Cir. 1977) (violations of IAD not cognizable under § 2255). Those courts that have held that claims based on IAD violations are cognizable in habeas proceedings have done so simply because they found the IAD to be a "law" of the United States, and thus they were apparently unaware of the analysis mandated by *Hill* and *Davis*. *See Echevarria v. Bell*, 579 F.2d 1022, 1025 (7th Cir. 1978); *United States ex rel. Esola v. Groomes*, 520 F.2d 830 (3d Cir. 1975). *Cf.* the two opinions of the Sixth Circuit in *Stroble v. Egeler*, 547 F.2d 339 (6th Cir. 1977), *opinion following decision on remand*, 587 F.2d 830 (1978), *cert. denied*, 440 U.S. 940 (1979) (granting habeas corpus for an IAD violation, but stating that more than a bare violation of the IAD time limits had to be shown).

Additionally, the fact that the violations of the IAD alleged by appellant had no bearing on the determination of his guilt or innocence is particularly important, although not necessarily dispositive, in determining cognizability in a habeas proceeding. The central purpose of the habeas writ is to provide a collateral means of redressing the wrong inherent in the incarceration of one who is not guilty. *Schneckloth v. Bustamonte*, 412 U.S. 218, 256–58, 93 S.Ct. 2041, 2062–63, 36 L.Ed.2d 854 (1973) (Powell, J., concurring). In *Davis* itself, the Court found the asserted violation of a nonconstitutional federal law cognizable because it raised the possibility that the petitioner might be incarcerated for acts that were not a crime. In sharp contrast, there is no such possibility of a similar injustice in this case nor are there alleged here such egregious IAD violations that might present " 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' " *Davis v. United States, supra*, 417 U.S. at 346, 94 S.Ct. at 2305; *see Stroble v. Egeler, supra*.

Hence there is no need to provide collateral relief.*

*Denial of petition affirmed.*

---

* Our holding is by no means intended to imply that the policies underlying the IAD are not important. The fact that policies underlying a law are important is not, however, sufficient to render a claimed violation of that law cognizable in a habeas proceeding. For example, the policies of the Fourth Amendment are incontestably important, yet claims based upon asserted violations of the Fourth Amendment are generally not cognizable in habeas proceedings. *Stone v. Powell, supra.* In either case, the policies, while important, are not related to the guilt or innocence of the petitioner.

Moreover, the policies underlying the IAD sanctions would not in fact be furthered by making habeas relief available in cases such as this one. To follow the reasoning of the Court in *Stone,* it is almost inconceivable that state officials would less carefully adhere to the IAD if they knew that violations of the agreement could be raised only in state court or on direct review by the Supreme Court.