COMMONWEALTH vs. MICHAEL K. DUPONT. February 11, 1981. A judgment of conviction on an indictment charging the defendant with armed robbery was affirmed in *Commonwealth* v. *Dupont,* 2 Mass. App. Ct. 566 (1974). See also *Dupont* v. *Hall,* 555 F.2d 15 (1st Cir. 1977). In 1979, the defendant filed a motion for a new trial in which he alleged five additional errors in the course of his trial. The judge properly denied the motion.

1. The judge's inclusion of examples of decisions in the jurors' own experience in his definition of proof beyond a reasonable doubt, while disfavored, is not per se grounds for a reversal. *Commonwealth* v. *Hughes,* 380 Mass. 596, 601 (1980). *Commonwealth* v. *Grace,* 381 Mass. 753, 758-759 (1980). Having read the 1971 charge in its entirety, we are convinced that it adequately and accurately conveyed to the jurors the meaning and importance of that term. *Commonwealth* v. *Smith,* 381 Mass. 141, 143-146 (1980).

2. (a) The judge was not required to instruct the jury specifically that the defendant must have been shown to have had a lesser right to the property than the victim. His correct statements, that robbery was the unlawful taking of the property of another and that the victim must have had possession and control of the property, were sufficient on that point. See *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 721 (1974), and cases cited. (b) While the judge did not expressly charge that the defendant must have been shown to have taken the property with the intent to deprive permanently, we are convinced that this failure did not create a substantial risk of a miscarriage of justice. Our conclusion is founded upon the instructions on the elements of armed robbery as a whole, the evidence presented by the Commonwealth, see *Dupont,*

2 Mass. App. Ct. 566, contrast *Commonwealth* v. *White*, 5 Mass. App. Ct. 483, 486-488 (1977), and the defendant's failure to object to the charge. *Commonwealth* v. *Blackburn*, 354 Mass. 200, 205 (1968).

3. The defendant was indicted and tried as a principal in the armed robbery. Neither the law nor the evidence presented required the judge, sua sponte, to instruct the jury that the defendant could have been an accessory after the fact. Cf. *Commonwealth* v. *Berryman*, 359 Mass. 127, 129 (1971); *Commonwealth* v. *Clark*, 378 Mass. 392, 407 (1979); *Commonwealth* v. *Kelley*, 1 Mass. App. Ct. 441, 447-448 (1973).

4. The Commonwealth's proof on each of the essential elements of the crime of armed robbery, see *Commonwealth* v. *Novicki*, 324 Mass. 461, 464 (1949); *Commonwealth* v. *Stewart*, 365 Mass. 99, 108 (1974); *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. at 721-722, was sufficient to survive the defendant's motion for a directed verdict. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979).

5. The defendant's allegation that his trial counsel was ineffective does not withstand the "two-step inquiry" that his assertion requires us to make. *Commonwealth* v. *Sellon*, 380 Mass. 220, 223-229 (1980), and cases cited.

*Order denying motion for*
*a new trial affirmed.*

*Stephen Gordon* for the defendant.
*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.