COMMONWEALTH *vs.* STANLEY L. PIGNONE.

Suffolk.    March 6, 1972. — April 7, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Search and Seizure. Probable Cause. Constitutional Law,* Search and
seizure. *Evidence,* Presumptions and burden of proof.

Where the defendant in a criminal case, who had not paid for certain
items he had taken from a supermarket, placed the items in his
motor vehicle and attempted to leave the supermarket's parking
lot but was prevented from doing so by police cruisers blocking
his exit, a subsequent warrantless search of defendant's motor
vehicle by the police without arresting him and their seizure of the
shopping bags was not unconstitutional if the police had probable

cause to search [568]; and the trial judge erroneously granted a motion by the defendant to suppress the items seized from his motor vehicle where he did not sustain his burden of proving that the police did not have probable cause to search his vehicle [568–569].

INDICTMENT found and returned in the Superior Court on December 8, 1970.

A motion to suppress was allowed by *Chmielinski,* J. The case was reported by *Braucher,* J., following his allowance of the Commonwealth's motion for an interlocutory appeal in the Supreme Judicial Court for the county of Suffolk.

*Terence M. Troyer,* Assistant District Attorney, for the Commonwealth.

*Donald L. Conn* for the defendant.

SPIEGEL, J. This is an interlocutory appeal by the Commonwealth under G. L. c. 278, § 28E (inserted by St. 1967, c. 898, § 1), from the allowance by a Superior Court judge of a motion to suppress evidence consisting of several bags of groceries allegedly stolen. The appeal was reserved and reported by a single justice of this court for determination by the full bench.

At the hearing on the motion to suppress, counsel for the defendant orally presented a statement of agreed facts, which may be summarized as follows. The defendant went to a supermarket in Wayland, took articles from the shelves, and went to a check-out counter. It appears that, by prearrangement with the woman at the check-out counter, the defendant did not pay for some of the articles. They were then placed in bags, and the bags were placed in the defendant's motor vehicle. The defendant got into his vehicle. He then noticed "certain activity around the check-out counter from which he just exited and particular conversation involving the young lady at the check-out counter, a man who appeared to be in authority . . . , and bag boys who were in the vicinity of the particular check-out counter." The defendant left his vehicle, called the manager from a pay telephone outside the store, had a conversation, and later met with him

in the rear of the store. Following another conversation with the manager and the woman at the check-out counter, the defendant returned to his vehicle and attempted to drive from the supermarket lot. Two police cruisers blocked his exit. The defendant sat in his vehicle for some period of time.[1] The police then entered the defendant's car and removed seven or eight bags of groceries. The police neither obtained a warrant to search the defendant's vehicle, nor placed him under arrest.

The judge, after hearing this evidence, made the following statement: "Rather than keep the defendant in suspense: I have no alternative but to grant the motion to suppress. I will grant it. I don't understand the procedure of the Police Department. Certainly I think by this time the police should be well aware of the fact, if they intend to search an automobile they should obtain a warrant for the search or in the alternative place the man under arrest and the search conducted which is incidental to an arrest. Neither of these were done in this instance. I have no alternative."

It seems apparent that the judge proceeded on the theory that a warrantless search of an automobile, in the absence of an arrest, was per se unconstitutional. We cannot agree. The proper inquiry should have been whether the police had probable cause to search the automobile. *Carroll* v. *United States,* 267 U. S. 132, 153, 155–156, 158–159. *Chambers* v. *Maroney,* 399 U. S. 42, 52. *Coolidge* v. *New Hampshire,* 403 U. S. 443, 460. We have recently given extensive treatment to these cases in *Commonwealth* v. *Haefeli, ante,* 271, and see no need to repeat our discussion.

No evidence was presented at the hearing on the question whether the police had probable cause to search the defendant's vehicle. The burden of proof on this issue was on the defendant. *Commonwealth* v. *Fancy,* 349 Mass. 196, 202. *Commonwealth* v. *Colella,* 360 Mass. 144, 151. On the record before us the defendant did not sus-

---

[1] The record is not clear as to the length of time elapsed.

tain this burden.   The order allowing the motion to suppress is reversed.   The case is remanded to the Superior Court for further proceedings.

*So ordered.*