Arthur William MACK, Appellant,

v.

Hoyt C. CUPP, Superintendent, Oregon
State Penitentiary, Appellee.

No. 76–3449.

United States Court of Appeals,
Ninth Circuit.

Nov. 17, 1977.

John M. Biggs (argued), of Allen & Biggs, Eugene, Or., for appellant.

John W. Burgess, Asst. Atty. Gen. (argued), Salem, Or., for appellee.

Before BARNES and ELY, Circuit Judges, and VAN PELT,* District Judge.

ELY, Circuit Judge:

Mack was convicted by the Circuit Court of Lane County, Oregon, sitting without a jury, for possession of more than one ounce of marijuana. Or.Rev.Stat. § 167.207 (1975). The Oregon Court of Appeals affirmed his conviction, filing a written opinion. *State v. Mack,* 21 Or.App. 522, 535 P.2d 766 (1975). Mack's petition for review in the Oregon Supreme Court was denied because it was filed late. In November, 1975, Mack petitioned the District Court for a writ of habeas corpus under 28 U.S.C. § 2254 (1970). After a United States magistrate conducted an evidentiary hearing, the court denied Mack's petition upon the basis of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). This appeal followed. Concluding that the State of Oregon has extended an opportunity for the full and fair litigation of Mack's fourth amendment claims, we decline to reexamine the merits of those claims; hence, we affirm.

A search of Mack's residence on February 22, 1974, conducted pursuant to a search warrant obtained by an Oregon Deputy Sheriff, one Hackett, resulted in the seizure of a quantity of drugs and disclosed a rent receipt in Mack's name for a garage in Springfield, Oregon. Later in the same day, Jacobs, an Oregon State Police Officer, obtained a warrant authorizing a search of the garage. Jacobs' affidavit recited, in pertinent part:

During a search incident to arrest, I located, in Arthur Macks [*sic*] wallet a receipt for the rent of a garage located at 4445 Franklin Blvd. the garage number being 44–B.

I proceeded to 4445 Franklin Blvd, Sprinfield [*sic*], Lane County, Oregon where I located garage number 44B belonging to a Rent-A-Garage, Inc which is one of a number of aluminum appearing silver metal garages located in a row

. . . .

From my position outside the garage, I observed a green plastic garbage bag inside the garage from which protruded what appeared to me to be a kilo of marihuana. I made this observation from a distance of approximately 10′.

The search of the garage resulted in the seizure of more than one ounce of marijuana. This marijuana was the only drug substance introduced into evidence during the state court trial.

In the Lane County Circuit Court, Mack's counsel filed a pretrial motion to suppress all the evidence obtained from both searches. The thrust of the motion was that: (1) Hackett's affidavit did not establish probable cause and relied upon the affiant's asserted knowledge of a prior unrelated narcotics arrest of Mack, which had resulted in court suppression of evidence seized in an illegal search; and (2) Jacobs obtained the information set forth in his affidavit from the fruit of an illegal search of Mack's residence and by "a breaking of the close" of the garage prior to seeking a warrant. In an affidavit appended to the motion, Mack's counsel averred that "it would have been necessary for Officer Allen Jacobs to break the close of the garage before being able to observe any items therein."

After hearing legal arguments, the state trial judge denied the motion to sup-

press, finding probable cause established by both the Hackett and the Jacobs affidavits and stating, "I am not convinced, no matter where the proof burden resides, that Jacobs was trespassing upon a constitutionally protected area when he made his observation."[1] The judge did not hold an evidentiary hearing on the factual issues raised by the motions, apparently perceiving no factual conflict between Mack's motion and supporting affidavit and the affidavits of the officers. It was the court's view that Mack's counsel had not described the physical characteristics of the garage or the surrounding area so as to substantiate the claim that Jacobs must have broken into the garage in order to gain the information contained in his affidavit. In issuing its ruling, the judge applied Lane County Circuit Court Rule 7.015, which provides:

(1) All motions to suppress evidence must be accompanied by an affidavit or affidavits on behalf of the defendant setting forth all facts within his knowledge upon which he intends to rely in support of the motion. Any opposition to a motion to suppress together with any opposing affidavits upon which it is based shall be in writing and shall be served and filed not more than seven (7) days after the motion to suppress has been filed.

. . . . .

(3) Unless otherwise ordered or permitted by the court, motions involving issues of fact shall be initially made and opposed upon affidavits. The court shall order an evidentiary hearing if necessary to resolve any conflicts on issues of fact presented by the affidavits.

■ In disposing of this appeal, we are obliged to apply the standard fixed by the Supreme Court in *Stone v. Powell*:

[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

428 U.S. at 482, 96 S.Ct. at 3052. Our court has previously determined that *Stone* applies retroactively to cases, such as this, in which federal habeas corpus relief was sought prior to the date of the *Stone* decision. *Tisnado v. United States,* 547 F.2d 452, 455 (9th Cir. 1976); *Bracco v. Reed,* 540 F.2d 1019, 1020 (9th Cir. 1976); *accord, Dupont v. Hall,* 555 F.2d 15, 17 (1st Cir. 1977); *Cole v. Estelle,* 548 F.2d 1164, 1164 n. 1 (5th Cir. 1977); *Rigsbee v. Parkinson,* 545 F.2d 56, 57 (8th Cir. 1976); *Chavez v. Rodriguez,* 540 F.2d 500, 502 (10th Cir. 1976).

·The Supreme Court has not yet delineated the perimeters of "full and fair litigation" of a fourth amendment claim. In *Stone,* the Court cited as analogous authority *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), which established criteria for determining when a federal district court should hold an evidentiary hearing in a habeas corpus proceeding. 428 U.S. at 494 n. 36, 96 S.Ct. 3037. Under *Townsend* a state evidentiary hearing is not full and fair if:

(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears

---

**1.** On the basis of this statement Mack argues that the trial court impermissibly shifted to him the burden of proof as to whether Jacobs' warrantless observation of the garage was proper. We reject Mack's reading of the language of the court, inasmuch as the language plainly reveals that the court decided that the State should prevail even if the burden of proof rested upon the State. Therefore, we do not reach the question whether a state court's erroneous allocation of the burden of proof against a subsequent habeas corpus petitioner constituted a denial by the state of a full and fair opportunity for state litigation of fourth amendment claims.

that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313, 83 S.Ct. at 757.

Several courts have explored the relationship between *Townsend* and *Stone.* In *Gates v. Henderson,* 568 F.2d 830 (2d Cir. 1977), the Second Circuit, applying *Townsend,* ruled that a prisoner had not received a full and fair opportunity to litigate his fourth amendment claim in the state court because that court failed to articulate any reasons for its constitutional decision or to develop any evidence relating to the circumstances of the prisoner's arrest.

■ Although we think that the *Townsend* test must be given great weight in defining what constitutes full and fair consideration under *Stone,* we do not believe that it must always be applied literally, as Mack requests, as the sole measure of fullness and fairness. *Graves v. Estelle,* 556 F.2d 743, 746 (5th Cir. 1977) (*Townsend* of less value when legal rather than factual issues in dispute); *O'Berry v. Wainwright,* 546 F.2d 1204, 1211 (5th Cir. 1977); *see United States ex rel. Petillo v. New Jersey,* 562 F.2d 903 at 906–07 (3d Cir. Aug. 23, 1977). *Townsend* was concerned with the accuracy of the state's decision making, a consideration that is not relevant to the mandate of *Stone v. Powell.* Under *Stone* a federal district court may not relitigate a fourth amendment issue tried fully and fairly in a state court, regardless of its view of the correctness of the state decision. Moreover, the *Townsend* guidelines, to the extent that they command the actual use of state fact-finding procedures, surpass the requirement of *Stone* that the state must have extended an *opportunity* for the full and fair consideration of fourth amendment claims. *See Pulver v. Cunningham,* 419 F.Supp. 1221, 1223–24 (S.D.N.Y.1976). On the other hand, the opportunity to litigate is broader than the evidentiary hearing with which *Townsend* was concerned. For instance, it extends to appellate review and other matters unrelated to the need for a

state court hearing. *See Stone v. Powell,* 428 U.S. at 495 n. 37, 96 S.Ct. 3037.

In *Tisnado v. United States, supra,* we were compelled to decide, just as in the present case, whether a habeas applicant had received a full and fair opportunity to litigate his claims in the state court. We declined to examine the sufficiency of an affidavit used to obtain a search warrant because state procedures available to litigate the question were not shown to be deficient. We explained:

> Since, under *Stone v. Powell,* the issue of whether the state court correctly applied the law of search and seizure is apparently totally irrelevant as long as state procedures were "fair," . . . we express no opinion on the merits of Tisnado's fourth amendment contentions.

547 F.2d at 455 n. 2 (citation omitted).

■ Similarly, Mack has not met his burden of establishing that the Oregon courts have refused to consider his claims fully and fairly. As previously emphasized, the state trial court predicated its decision not to hold an evidentiary hearing on a finding that the factual allegations of Mack's affidavit and motion to suppress did not conflict with those of the officers' affidavits. Mack was not precluded from including all relevant facts in his supporting affidavit. Rather than setting forth facts in detail, such as a precise description of the physical features of the garage, that would specifically contradict Jacobs' averments, Mack's supporting affidavit merely stated the conclusion that Jacobs could not have obtained the information legally. Thus, the trial judge concluded that an evidentiary hearing was unnecessary. *Cf. Nardone v. United States,* 308 U.S. 338, 342, 60 S.Ct. 266, 84 L.Ed. 307 (1939) (factual allegations that are general or conclusory are insufficient because "claims that taint attaches to any portion of the Government's case must satisfy the trial court with their solidity"); *Cohen v. United States,* 378 F.2d 751, 760 (9th Cir.) (Fed.R.Crim.P. 41(e)), *cert. denied,* 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967).

902

Mack also contends that the disposition of his case by the Oregon Court of Appeals was less than full and fair. Before that court Mack presented his arguments that the searches of his garage and residence were unconstitutional infringements. The majority opinion indicates that the appellate court fully considered and squarely rejected his claims. *See* 535 P.2d at 769–71. Mack, however, insists that the court of appeals, in reaching its decision, considered facts that were not in the record. It is true that the court's opinion incorrectly summarizes the Jacobs affidavit. The opinion refers to Jacobs looking through a garage window and seeing a vehicle in addition to the marijuana, 535 P.2d at 771, but the affidavit does not mention a window or a vehicle. Nevertheless, the court's mistaken recitation of the facts, even assuming *arguendo* that it resulted in an incorrect decision, is not enough, in and of itself, to establish that Mack's claims were not fully and fairly considered.

The facts of *Stone* illustrate that error in a state appellate review of a fourth amendment claim does not necessarily justify habeas relief in a federal court. One of the state appellate courts in *Stone* referred to facts outside of an affidavit in judging the sufficiency of the affidavit, *see* 428 U.S. at 473 n. 3, 96 S.Ct. 3037, and the other appellate court refused to review the legality of an arrest and a search, applying the harmless error doctrine, *see id.* at 470. *See also Tisnado v. United States,* 547 F.2d at 455 n. 1.

AFFIRMED.