**Stanley L. PIGNONE**

v.

**C. Eliot SANDS et al.**

**Civ. A. No. 76–379–F.**

United States District Court,
D. Massachusetts.

April 18, 1978.

Donald L. Conn, Conn, Austin, Conn & Travaline, Burlington, Mass., James B. Krasnoo, Boston, Mass., co-counsel, for plaintiff.

Barbara A. H. Smith, Asst. Atty. Gen., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

The Magistrate to whom this case was referred recommended that respondent's motion to dismiss petitioner's application for a writ of habeas corpus *ad subjiciendum* be granted. The matter is before the Court on petitioner's objections to that recommendation. The Court now grants the motion and dismisses the petition under the mandate of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Petitioner was tried and convicted of larceny of goods over the value of one hundred dollars ($100). Prior to trial in the Superior Court, petitioner filed a motion to suppress certain evidence seized without a warrant from his automobile. The Commonwealth of Massachusetts agreed that the suppression motion, if granted, would be dispositive of the case. The facts were submitted to the trial judge by stipulation, the motion allowed, and the indictment dismissed. On

the appeal of the Commonwealth, the Supreme Judicial Court reversed the trial judge's order and remanded the case for further proceedings. *Commonwealth v. Pignone,* 361 Mass. 566, 281 N.E.2d 572 (1972). The Supreme Judicial Court said:

> It seems apparent that the judge proceeded on the theory that a warrantless search of an automobile, in the absence of an arrest, was per se unconstitutional. We cannot agree. The proper inquiry should have been whether the police had probable cause to search the automobile.
>
> . . .
>
> . . . The burden of proof on this issue was on the defendant.

361 Mass. at 568, 281 N.E.2d at 573.

Petitioner renewed his motion in the trial court. Despite counsel's repeated urgings, the trial judge refused to consider the issue of exigent circumstances and limited the hearing on the motion to the question of probable cause. The renewed motion to suppress was denied and petitioner was tried and convicted. The judge placed petitioner on probation for one year and ordered him to make restitution in the amount of eighty-four dollars and twelve cents ($84.12). Execution of sentence was stayed pending appeal.

The Appeals Court affirmed the conviction, *Commonwealth v. Pignone,* 332 N.E.2d 388 (Mass.App.1975), finding no error in placing the burden of proving lack of probable cause on the defendant.[1] *Id.* at 391. The Appeals Court also found that petitioner was not entitled to a new hearing on the issue of exigent circumstances because the

court's own review of the evidence indicated that sufficient exigent circumstances existed to justify the warrantless seizure. *Id.* at 392.[2] Petitioner's application for leave to obtain further appellate review was denied by the Supreme Judicial Court whereupon he brought the instant habeas corpus petition.

Petitioner contends that the refusal of the Massachusetts courts to place on the Commonwealth the burden of establishing the validity of the warrantless seizure and the refusal of the trial judge to consider evidence on the issue of exigent circumstances at the second suppression hearing violated his rights under the Constitution. He further contends that the Appeals Court's findings are contrary to the evidence in the record and inconsistent with the relevant Supreme Court interpretations of the Fourth Amendment.[3] Respondent relies on *Stone v. Powell, supra,* in urging dismissal of the petition.

Under *Stone,* a state prisoner may utilize the vehicle of federal habeas corpus to challenge the introduction against him at trial of evidence obtained in an unconstitutional search or seizure only where the State has denied him " . . . an opportunity for full and fair litigation of a Fourth Amendment claim . . ." 428 U.S. at 482, 494, 96 S.Ct. at 3046. Petitioner in the case at bar was afforded a full and fair opportunity to litigate his Fourth Amendment claims and his petition must therefore be dismissed.

First, I find that petitioner was afforded a full and fair opportunity to litigate the

---

1. The Appeals Court found that evidence introduced at the second suppression hearing was enough to satisfy any burden the Commonwealth might have had. The court therefore felt it unnecessary to consider the issue of whether to afford retroactive application to *Commonwealth v. Antobenedetto,* 366 Mass., 51, 315 N.E.2d 530 (1974), in which the Supreme Judicial Court departed from its earlier position and held that the Commonwealth has the burden of proving the legality of a warrantless search or seizure. *Commonwealth v. Pignone,* 332 N.E.2d 388 at 391.

2. The Appeals Court's finding of exigent circumstances was based on its interpretation of

*Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), and *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Because I find the instant petition to be barred by the doctrine of *Stone v. Powell, supra,* I am precluded from examining the validity of the Appeals Court's analysis.

3. Because federal habeas corpus relief in this case is barred by *Stone v. Powell, supra,* I do not reach petitioner's contentions that the Appeals Court's findings are factually and legally erroneous.

probable cause issue. Although it may have been error for Massachusetts courts to place on petitioner the burden of showing lack of probable cause, the Appeals Court found that the evidence was sufficient " . . . to sustain any burden the Commonwealth may have had to establish the legality of the seizure . . ." *Commonwealth v. Pignone,* 332 N.E.2d at 391. Since the Appeals Court carefully considered the probable cause question after petitioner had two opportunities to present evidence, it would strain credulity for this Court to find that petitioner was denied full and fair consideration of the issue.[4] *Cf. Mack v. Cupp,* 564 F.2d 898 at 900 n. 1 (9th Cir. 1977) (resolving a similar probable cause burden of proof issue in the *Stone v. Powell* context).

Second, the fact that the trial judge refused to consider the issue of exigent circumstances at the second suppression hearing does not establish, in light of the procedural history of this case, that petitioner was denied a full and fair opportunity to litigate his Fourth Amendment claim in the Massachusetts courts. Although the trial judge refused to consider the exigent circumstances question, the suppression hearing transcript is replete with evidence bearing on that issue. The Appeals Court on review specifically found that sufficient exigent circumstances did exist to justify the warrantless seizure and the Fifth Circuit has recently recognized that, although full and fair consideration ordinarily requires determination by the trial judge, where:—

. . . the facts are undisputed, and there is nothing to be served by ordering a new evidentiary hearing, the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendant's

Fourth Amendment claims. Such a distinction makes practical sense because it ensures that a criminal defendant is given a full hearing on his Fourth Amendment claims and the facts underlying those claims at least once at the state level, but it does not require the State to hold evidentiary hearings which would be useless and inefficient.

*O'Berry v. Wainwright,* 546 F.2d 1204 at 1213 (5th Cir. 1977). Even more compelling, however, is the salient fact that petitioner was afforded the opportunity at the first suppression hearing to present whatever evidence he might have had. The choice of presenting the matter on stipulated facts was his own and he cannot now be heard to complain. *Cf. Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Gates v. Henderson,* 568 F.2d 830 (2d Cir. 1977) (en banc), vacating 568 F.2d 844 (2d Cir. 1977).

Because petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claims in the courts of Massachusetts, this Court is barred from reviewing the substance of the findings on those claims[5] and the petition for writ of habeas corpus must be dismissed.

Motion GRANTED; petition DISMISSED.

**4.** The Court notes that the Supreme Court in *Stone* was rather sparing in describing what constitutes a full and fair opportunity to litigate a Fourth Amendment claim. *See Stone v. Powell, supra,* 428 U.S. at 494 n. 36, 96 S.Ct. 3037, citing *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Compare

*O'Berry v. Wainwright,* 546 F.2d 1204 (5th Cir. 1977), with *Gates v. Henderson,* 568 F.2d 830 (2d Cir. 1977).

**5.** To the extent that the Magistrate did otherwise, the Magistrate was mistaken.