**Stanley L. PIGNONE, Petitioner-Appellant,**

v.

**C. Eliot SANDS et al., Respondents-Appellees.**

**No. 78–1224.**

United States Court of Appeals, First Circuit.

Argued Oct. 2, 1978.

Decided Dec. 29, 1978.

---

by the district court, *Pignone v. Sands,* 449 F.Supp. 415 (D.Mass.1978). Appellant contends that the proceedings in the state court were so riddled with errors that he was deprived of his constitutional rights under the fourth, fifth, sixth, and fourteenth amendments. A close examination of these claims reveals that they all center on the question of whether material seized in a warrantless search of appellant's automobile should have been admitted in evidence.[1] The issue before us, therefore, is whether appellant was provided an opportunity for full and fair litigation of his fourth amendment claim in the Massachusetts state courts. We find that he was. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), therefore, precludes relief under section 2254.

The case has a tortuous history. Pignone was indicted on December 1, 1970, for larceny of more than one hundred dollars from a supermarket. He allegedly hatched a scheme with one of the store's cashiers whereby she rang up a sale of $4.20 for groceries worth $108.54. On May 17, 1971, Pignone's motion to suppress evidence seized from his automobile without a warrant was heard in the Massachusetts Superior Court. That evidence consisted of seven or eight bags of groceries.[2] Appellant argued the motion on a set of stipulated facts,[3] the Commonwealth having agreed that, if the motion were granted, the indictment would be dismissed. Appellant's stipulation summary of the events leading up to his indictment sketched his behavior in the store and later in the parking lot when the police questioned him and then removed the bags of groceries without a search warrant or making an arrest. The state trial judge, without mention of either probable cause or exigent circumstances, granted Pignone's motion to suppress, stating:

Donald L. Conn, Burlington, Mass. with whom Conn, Austin, Conn & Travaline, Burlington, Mass., was on brief, for appellant.

Barbara A. H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Section, Crim. Bureau, Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., and Stephen R. Delinsky, Asst. Atty. Gen., Chief, Crim. Bureau, Boston, Mass., were on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This is an appeal from the denial of a writ of habeas corpus brought under 28 U.S.C. § 2254 by Stanley L. Pignone, petitioner-appellant. The petition was denied

1. Almost all of appellant's brief, as well as his oral argument, was devoted to the search and seizure question.

2. The motion addressed to the Superior Court also asked for suppression of "any admissions made." There is no further reference in the case to admissions and, hence, if any were made, they are not in issue.

3. This was a deliberate tactical choice of defense counsel.

I don't understand the procedure of the Police Department. Certainly I think by this time the police should be well aware of the fact, if they intend to search an automobile they should obtain a warrant for the search or in the alternative place the man under arrest and the search conducted which is incidental to an arrest. Neither of these were done in this instance. I have no alternative.

As quoted in *Commonwealth v. Pignone*, 361 Mass. 566, 281 N.E.2d 572, 573 (Mass. 1972).

The granting of the motion to suppress was appealed by the Commonwealth, and the Supreme Judicial Court reversed the trial judge's order and remanded the case for further proceedings. *Commonwealth v. Pignone, supra.* It found error in the trial court's theory that a warrantless search of an automobile was *per se* unconstitutional in the absence of an arrest. The Supreme Judicial Court directed that the proper inquiry under Supreme Court law is whether the police had probable cause to search the car, with the burden of proof placed on the defendant.[4] Because Pignone made no reference to probable cause, the court held that he failed to shoulder the burden of proof.

After remand, Pignone renewed his motion to suppress. The trial court limited the hearing to the question of probable cause, put the burden of proof on him, and refused to consider the question of exigent circumstances. After the hearing, the motion to suppress was denied and appellant was convicted. Pignone was placed on probation for one year and ordered to make restitution. Execution of sentence was stayed pending appeal.

While Pignone's appeal to the Massachusetts Appeals Court was pending, the Supreme Court of Massachusetts in *Commonwealth v. Antobenedetto*, 366 Mass. 51, 315 N.E.2d 530 (Mass.1974), reversed itself and held that the Commonwealth has the burden of proving the legality of a warrantless search. Pignone's appeal, *Commonwealth v. Pignone*, 3 Mass.App. 403, 332 N.E.2d 388

(Mass.App.1975), was decided subsequent to this decision, yet the Massachusetts Appeals Court did not discuss its retroactive effect on his case because, upon reviewing the entire record, the court concluded that the Commonwealth had introduced sufficient evidence to sustain any burden it had to establish the legality of the seizure. The Appeals Court recognized that probable cause alone does not justify a warrantless search and realized that the trial court did not consider the issue of exigent circumstances at the second hearing. It reviewed both federal and state law at length and concluded that exigent circumstances existed justifying the warrantless seizure of the groceries. The Supreme Judicial Court denied Pignone's application for further appellate review, Order No. M363, 74–426 (Mass. S.J.C. September 30, 1975), whereupon he brought this petition for habeas corpus.

The district court found that appellant was afforded an opportunity to fairly and fully litigate his fourth amendment claim despite the error that the trial court committed in placing on him the burden of proof to show lack of probable cause. The district court pointed out that, at the two suppression hearings, appellant was given the opportunity to present evidence on this issue, and that the Massachusetts Appeals Court made an independent and full review of the claim.

The district court also rejected appellant's argument that the trial court's refusal to consider the issues of exigent circumstances denied him an opportunity for full and fair litigation on his fourth amendment claim. This was based on three factors: that the suppression transcript from the second hearing is replete with evidence bearing on this issue, that the Massachusetts Appeals Court specifically found that sufficient evidence of exigent circumstances existed, and that appellant had the opportunity to present all the facts at the first suppression hearing, but chose to present his case by way of stipulation.

---

4. This was constitutional error, *see* discussion *infra*.

The mandate of *Stone v. Powell, supra,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, is clear. Where the state courts afford the petitioner an opportunity for full and fair litigation of his fourth amendment claim, relief is not available under section 2254. *Breest v. Helgemoe,* 579 F.2d 95, 104 (1st Cir. 1978).[5] Massachusetts does provide for such an opportunity under Superior Court Rule 61, which Pignone availed himself of on two occasions.[6]

By a deliberate tactical choice, counsel for appellant stipulated to the evidence presented in the first hearing on the motion to suppress. This was a decision of counsel's own choosing and was not due to any unwillingness of the court to hear defendant's fourth amendment claim. If the stipulation had established the constitutionality of the search, appellant could not complain. Because it did not, we must determine whether the totality of the state proceedings provided the necessary opportunity to litigate.

Appellant argues that the second hearing on his motion to suppress was deficient because the trial court limited argument to the issue of probable cause with the burden of proof on the appellant.

Appellant attempts to distinguish *O'Berry v. Wainwright,* 546 F.2d 1204 (5th Cir.), *cert. denied,* 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1977), which the district court found persuasive,[7] as we do, claiming *O'Berry* sanctions state appellate review of fourth amendment claims where the facts are not in dispute, while, in the instant case, the record facts before the Appeals Court were disputed. While petitioner's reading of *O'Berry* is correct, his application of its holding is not. The historical facts surrounding the events on the evening of the alleged supermarket swindle are not in dispute. What is disputed is the legal conclusion to be drawn from these facts, *i. e.,* whether they justified a finding of exigent circumstances sufficient to support the warrantless search. We think the record as to

5. For a discussion of what constitutes an opportunity for full and fair litigation, *see Gates v. Henderson,* 568 F.2d 830, 840 (2d Cir. 1977), *cert. denied,* 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978); *Mack v. Cupp,* 564 F.2d 898, 900–01 (9th Cir. 1977); *United States Ex Rel. Petillo v. State of New Jersey,* 562 F.2d 903, 906–07 (3d Cir. 1977); *O'Berry v. Wainwright,* 546 F.2d 1204, 1212–14 (5th Cir.), *cert. denied,* 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1977).

6. Mass.Sup.Ct. Rule 61

"Rule 61 Motions For Return of Property and to Suppress Evidence (Applicable to criminal cases)

Motion for the return of property and motions to suppress evidence shall be in writing, shall specifically set forth the facts upon which the motions are based and shall be verified by affidavit unless the facts are apparent upon the record and files.

Such motions shall be filed within ten days after a plea of not guilty, or upon appeal from a conviction in a district court or in the Municipal Court of the City of Boston within ten days after the entry of the appeal, or within such further time in advance of trial as the court may order, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain such motions at any time or at the trial.

The court need not hear any motion which does not comply with this Rule."

7. In *O'Berry v. Wainwright,* 546 F.2d 1204 (5th Cir.), *cert. denied,* 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1977), the defendant did not raise his fourth amendment claims at trial, but they were briefed and argued before the state appellate court. The appellate court rejected the fourth amendment claim. The district court in the instant case found the following language pertinent to the resolution of this case and we agree that it is instructive.

We conclude that where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. Where, however, the facts are undisputed, and there is nothing to be served by ordering a new evidentiary hearing, the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record gives full consideration to defendant's Fourth Amendment claims. Such a distinction makes practical sense because it ensures that a criminal defendant is given a full hearing on his Fourth Amendment claims and the facts underlying those claims at least once at the state level, but it does not require the State to hold evidentiary hearings which would be useless and inefficient.
*Id.* at 1213.

what happened in the parking lot includes all facts necessary for a judicial determination of the search and seizure issue.

Appellant also argues that the Appeals Court erred in its interpretation of *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).[8] We rejected a similar argument, that the state court erred in finding probable cause, in *Dupont v. Hall,* 555 F.2d 15, 17 (1st Cir. 1977): "Petitioner's contention that he was denied 'an opportunity for full and fair litigation of [his] Fourth Amendment claim,' *Stone,* ante, 428 U.S. at 482, 96 S.Ct. at 3046, because the state court erred in its decision, would reject the whole rationale of the *Stone* holding." For the same reason, we reject appellant's argument here. As noted in *Gates v. Henderson,* 568 F.2d 830, 840 (2d Cir. 1977), *cert. denied,* 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978):

> *Stone v. Powell, supra,* holds that we have no authority to review the state record and grant the writ simply because we disagree with the result reached by the state courts. The basic inquiry is whether the state prisoner was given the opportunity for full and fair litigation of his Fourth Amendment claim.

*See also Mack v. Cupp,* 564 F.2d 898, 902 (9th Cir. 1977), where the court held that federal review was precluded, although the state appellate court mistakenly reached its decision on facts not in the record. "Nevertheless, the court's mistaken recitation of facts, even assuming *arguendo* that it resulted in an incorrect decision, is not enough in and of itself, to establish that Mack's claims were not fully and fairly considered." *Id.*

Appellant further claims that the Appeals Court could not correct the errors below because the record which the court reviewed was incomplete as to exigent circumstances. This is directly contrary to what the Appeals Court stated.

Although the issue whether there were exigent circumstances justifying the deci-

sion of the police not to obtain a warrant was not considered by the Superior Court, a new hearing is not required. Having made an independent review of the evidence introduced at the suppression hearing (as set out in the substitute bill of exceptions), we hold that exigent circumstances, sufficient to justify the warrantless seizure, did exist at a critical time in the police investigation of the defendant's car.

*Commonwealth v. Pignone, supra,* 332 N.E.2d at 392. It would be presumptuous of us, indeed, to find that this statement was not warranted.

■ Appellant has had two hearings on his fourth amendment claim in the state trial court and there were two separate appeals, one to the Massachusetts Supreme Judicial Court by the state and the other to the State Appeals Court by appellant. Both trial court hearings were decided on the basis of incorrect legal principles: one to his advantage, and the other to the benefit of the Commonwealth. In the final appeal, however, the state court's understanding of the applicable law was correct. It had before it all of the record facts which it concluded were sufficient for a finding of exigent circumstances. We agree with the district court that appellant had an opportunity and did, in fact, obtain full and fair litigation of his fourth amendment claim in the Massachusetts courts.

*The district court's order dismissing the petition for habeas corpus is affirmed.*

---

**8.** The Supreme Court upheld the warrantless search of an automobile and the introduction in evidence of materials seized therefrom.