**Eduardo FERNANDEZ, Petitioner,**

**v.**

**Timothy E. BUSBY, Respondent.**

**No. CV 11–05057–GHK (SP).**

United States District Court,
C.D. California.

Signed March 27, 2014.

Eduardo Fernandez, Chowchilla, CA, pro se.

Theresa A. Patterson, Office of Attorney General of California, Los Angeles, CA, for Respondent.

## ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE, AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

GEORGE H. KING, Chief Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Final Report and Recommendation of the United States Magistrate Judge (docket no. 24), 2013 WL 8174294 ("R & R"). Further, the Court engaged in a de novo review of those portions of the R & R to which objections were filed. The Court accepts the findings and recommendations of the Magistrate Judge with respect to grounds three and four of the Petition, as set forth at pages 33 to 42 of the R & R, but rejects the findings and recommendations of the Magistrate Judge with respect to grounds one and two, for the reasons set forth below. The Court accepts the factual findings as set forth in the R & R at pages 4 to 13. For the reasons explained below, the Petition for Writ of Habeas Corpus is DENIED.

### *DISCUSSION*

In federal habeas proceedings, a petitioner is not entitled to relief on "any

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim":

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The federal court may only consider evidence in the state court record when deciding whether a petitioner has satisfied § 2254(d). *Cullen v. Pinholster,* —— U.S. ——, 131 S.Ct. 1388, 1398, 1400 n. 7, 179 L.Ed.2d 557 (2011). The relevant state court decision for a habeas decision is the last reasoned state court decision—in this instance, the February 10, 2010, 2010 WL 447250, decision by the California Court of Appeal. *Cannedy v. Adams,* 706 F.3d 1148, 1156 (9th Cir. 2013), *amended on denial of reh'g,* 733 F.3d 794 (9th Cir.2013), *cert. denied,* —— U.S. ——, 134 S.Ct. 1001, 187 L.Ed.2d 863 (2014).

 To be "contrary to" clearly established federal law under § 2254(d)(1), the state court decision must apply a rule that "contradicts the governing law" identified in a Supreme Court decision, or confront facts that are "materially indistinguishable" from a Supreme Court decision, and reach a different result. *Lockyer v. Andrade,* 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (internal quotations omitted). Alternatively, to be an "unreasonable application" of clearly established federal law under § 2254(d)(1):

[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm convic-

tion that the state court was erroneous.... [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable.

*Id.* at 75–76, 123 S.Ct. 1166 (internal quotations and citations omitted).

 "[A]s to the clause dealing with 'an unreasonable determination of the facts,'" section 2254(d)(2), "the statement of facts from the last reasoned state court decision is afforded a presumption of correctness that may be rebutted only by clear and convincing evidence." *Cudjo v. Ayers,* 698 F.3d 752, 762 (9th Cir.2012) (internal quotation omitted). Under § 2254(d)(2), "if a petitioner challenges the substance of the state court's findings, ... [the court] must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Hibbler v. Benedetti,* 693 F.3d 1140, 1146 (9th Cir. 2012) (internal quotations omitted).

 Finally, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (internal quotation omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision"; the court must not "overlook[ ] arguments that would otherwise justify the state court's result" *Id.* Section 2254(d) provides "a difficult to meet" and "highly deferential standard for evaluating state-court rulings,

which demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 131 S.Ct. at 1398 (internal quotations omitted).

### I. *Petitioner's Fourth Amendment Claims Are Not Cognizable on Federal Habeas Review*

Petitioner asserts four grounds for relief in his Petition:

(1) "Petitioner's Constitutional Rights to a fair trial, due process, the right to present a defense, as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments and his Fourth Amendment right against unreasonable search and seizure were violated when the wiretap application were [sic] not turned over to the defense prior to trial."

(2) "The trial court's summary denial of petitioner's motion to suppress the wiretaps was prejudicial and was not harmless."

(3) "The trial court erred in refusing petitioner's request to give CALCRIM 3402 on petitioner's defense of acting under threats and menaces; the court's failure to properly instruct was a denial of petitioner's right under the Sixth and Fourteenth Amendments to the United States Constitution."

(4) "The trial court prejudicially erred and violated petitioner's federal constitutional right to a fair trial when it improperly excluded, as heresay [sic], evidence of a threatening statement.

1. For purposes of this analysis, the Court has assumed that Petitioner's motion to suppress challenged not just the wiretap recordings, but all evidence obtained as a result of what was learned from those recordings, including all evidence seized from Petitioner's home

Pet. for Writ of Habeas Corpus 28 U.S.C. § 2254 and Mem. of Ps. & As. in Supp. Thereof (docket no. 1) ("Petition") at 3. As explained in the R & R, the Magistrate Judge found that grounds three and four did not merit habeas relief, but that grounds one and two entitled Petitioner to conditional habeas relief "directing the California Court of Appeal to review the sealed affidavit [submitted in support of the wiretap applications] before again conducting a harmless error analysis to determine whether petitioner is entitled to relief." R & R at 3. This conclusion rested on the Magistrate Judge's determination that these were essentially due process claims, which the California Court of Appeal had "misapprehended" as Fourth Amendment violations. *Id.* However, though the Petitioner attempts to characterize those claims as implicating his rights "to a fair trial, due process, [and] to present a defense, as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments," his claims unquestionably arise under the Fourth Amendment.

Petitioner's claims stem from the denial of two pre-trial motions, one to suppress the wiretap recordings and all evidence obtained as a result of the wiretap,[1] and one to "Disclose the Sealed Portions of Affidavit in Support of Applications for Order Authorizing the Interception." Petition at 14. According to Petitioner, he argued that "the wiretaps were obtained in violation of the Fourth Amendment and/or the requirements of [California] Penal Code sections 629.52 et seq.," and that, "in order to litigate that the necessity requirement for issuance of the wiretaps was satisfied and that there was probable cause

pursuant to the search warrant obtained in reliance on those recordings, and statements made by the Petitioner after he was arrested, since he was arrested based on what was found at his home.

for issuance of the wiretaps, the applications in support of the wiretaps had to be turned over to the defense in their entirety or the cause dismissed." *Id.*

The Fourth Amendment, of course, provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. California Penal Code section 629.52 provides that a judge may authorize the interception of wire or electronic communications if the judge finds (1) "probable cause to believe that an individual is committing, has committed, or is about to commit" certain listed crimes; (2) "probable cause to believe that particular communications concerning the illegal activities will be obtained through that interception"; (3) "probable cause to believe that the facilities from which, or the place where, the wire or electronic communications are to be intercepted are being used, or are about to be used, in connection with the commission of the offense, or are leased to, listed in the name of, or commonly used by the person whose communications are to be intercepted"; and (4) "[n]ormal investigative procedures have been tried and have failed or reasonably appear either to be unlikely to succeed if tried or to be too dangerous." As noted, Petitioner challenged both whether there was probable cause for issuance of the wiretaps and whether the "necessity" requirement had been satisfied. Petition at 14.

▉ The remedy when evidence is obtained in violation of the Fourth Amendment is exclusion of the illegally obtained evidence from trial. This "exclusionary rule" is "a judicially created means of ef-

fectuating the rights secured by the Fourth Amendment." *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The purpose of the rule is to safeguard Fourth Amendment rights generally, through the deterrence of police conduct that might violate those rights; it does not create a personal constitutional right, and was not intended to redress any injury to the privacy of the person whose Fourth Amendment rights may have been violated. *Id.* at 486, 96 S.Ct. 3037. The United States Supreme Court has therefore found that any additional deterrent effect that might result if state prisoners were allowed to raise search-and-seizure claims in federal habeas corpus review of state convictions would be minimal, and "would be outweighed by the acknowledged costs to other values vital to a rational system of criminal justice." *Id.* at 494, 96 S.Ct. 3037.

▉ Accordingly, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* California provides criminal defendants with such a full and fair opportunity through the procedures of California Penal Code section 1538.5, which permits defendants to move to suppress evidence on the ground that it was obtained in violation of the Fourth Amendment. *Gordon v. Duran*, 895 F.2d 610, 613–14 (9th Cir.1990); *see also Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir.1983); *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir.1977).

▉ In determining whether a petitioner has had a full and fair opportunity to litigate a claim in state court, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even

whether the claim was correctly decided." *Ortiz–Sandoval v. Gomez,* 81 F.3d 891, 899 (9th Cir.1996). Courts also consider the extent to which the claim was briefed before and considered by the state appellate courts. *Terrovona v. Kincheloe,* 912 F.2d 1176, 1178–79 (9th Cir.1990); *Abell v. Raines,* 640 F.2d 1085, 1088 (9th Cir.1981).

 Petitioner argues that he did not have a "full and fair opportunity to litigate" his Fourth Amendment claim in state court. Ps. & As. in Supp. of Traverse and Request for Evid. Hrg. (docket no. 19) ("Traverse") at 12. He does not argue that he did not have any opportunity to litigate this claim, just that the opportunity was not "fair," because he was not provided with an unredacted copy of the affidavit supporting the wiretap application. The cases do not require that the procedure available to Petitioner be perfect, however, or even that the correct outcome be reached. *Ortiz–Sandoval,* 81 F.3d at 899; *see Moormann v. Schriro,* 426 F.3d 1044, 1053 (2005) (upholding denial of petition despite Petitioner's claim that "he did not have a full and fair opportunity to litigate his warrant challenge because the state court's factual findings are not supported by the evidence"); *Gordon,* 895 F.2d at 613 (upholding denial of petition despite Petitioner's claim that Fourth Amendment issue was not litigated in state court, noting that, "[w]hether or not Gordon did in fact litigate this fourth amendment claim in state court, he did have the opportunity to do so").

Petitioner's arguments go "not to the fullness and fairness of his opportunity to litigate the claim, but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant." *Siripongs v. Calderon,* 35 F.3d 1308, 1321 (9th Cir.1994) ("Siripongs had a full suppression hearing at trial, and does not contend otherwise. His contention that the state

court on appeal did not understand his argument is misleading; Siripongs made his argument and it was rejected."). Petitioner had the opportunity (1) to present his arguments to the trial court, which held a hearing on his motions to suppress and for disclosure of the wiretap affidavit, (2) to the Court of Appeal, which addressed the issue in its written opinion, and (3) to the California Supreme Court, in his Petition for Review. That the trial court erred in denying Petitioner's motions without reviewing the unredacted wiretap affidavit in camera, and that the Court of Appeal applied a "harmless error" standard in analyzing the claim, do not exempt Petitioner from the reach of· *Stone v. Powell.* In fact, one of the two consolidated cases before the Supreme Court in *Stone* had similar procedural facts: the California trial court rejected the defendant's contention that testimony by the arresting officer as to the fruits of a search incident to arrest should have been excluded (because the arrest was illegal as conducted pursuant to an unconstitutional vagrancy ordinance); and when the issue was presented to the Court of Appeal, that court "found it unnecessary to pass upon the legality of the arrest and search because it concluded that the error, if any, in admitting the testimony of the [arresting] officer was harmless beyond a reasonable doubt under *Chapman v. California* [386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)]." *Stone,* 428 U.S. at 470, 96 S.Ct. 3037. The Ninth Circuit later found that the arrest and subsequent search were illegal, and granted habeas relief. *Id.* at 471, 96 S.Ct. 3037. Despite the trial court's error, the Court of Appeal's failure to address the issue on the merits, and the Court's apparent agreement that the search at issue was pursuant to an illegal arrest, the *Stone* Court reversed the Ninth Circuit's habeas grant, holding that "where the State has provided an opportunity for full and fair

litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482, 96 S.Ct. 3037.

Accordingly, as Petitioner had a sufficiently "full and fair" opportunity to press his arguments to multiple levels of the state court system, this Court cannot now entertain his claim that evidence obtained pursuant to an unconstitutional wiretap was submitted at his trial. Even assuming the original wiretap that captured Petitioner's conversations with the target of an ongoing DEA investigation was unconstitutional, and that all other evidence introduced at Petitioner's trial should be considered "the fruit" of that "poisonous tree," that is no basis for habeas relief. *Id.* at 494, 96 S.Ct. 3037; *Terrovona*, 912 F.2d at 1177–78 (holding that *Stone* barred federal habeas review of claim that "incriminating statement" made incident to warrantless arrest in petitioner's home "must be suppressed as fruit of this illegal seizure").

The evidence introduced against Petitioner appears to have been significant, reliable, and probative of his guilt—exactly the type of evidence the *Stone* Court recognized was often excluded by operation of the exclusionary rule at trial. *Stone*, 428 U.S. at 490, 96 S.Ct. 3037 (noting that "the physical evidence sought to be excluded is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant"). "Application of the rule thus deflects the truthfinding process and often frees the guilty. The disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the rule is contrary to the idea of proportionality that is essential to the concept of justice." *Id.* The costs at-

tendant on application of the exclusionary rule may well be outweighed in the aggregate by the deterrent effect of applying the rule at trial or on direct review, but the Supreme Court has determined that the balance is different "when a criminal conviction is sought to be overturned on collateral review on the ground that a search-and-seizure claim was erroneously rejected by two or more tiers of state courts." *Id.* at 491, 96 S.Ct. 3037. "[I]n the case of a typical Fourth Amendment claim, asserted on collateral attack, a convicted defendant is usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Id.* at 491 n. 31, 96 S.Ct. 3037.

## II. Petitioner Presents No Other Basis Meriting Habeas Relief

Petitioner's attempt to re-characterize his claims as arising under other constitutional amendments and implicating other constitutional rights, including his rights to a "fair trial, due process, [and] to present a defense, as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments," does not transform the nature of his claims. He claims that evidence obtained as the result of a unconstitutional wiretap should not have been admitted at his trial; "the Fourth Amendment (and the exclusionary rule) provide the only basis upon which habeas relief could conceivably be granted." *Abell*, 640 F.2d at 1088 (rejecting claims that habeas relief should be granted because material seized was protected by the First Amendment). If relief for the admission of unconstitutionally obtained evidence cannot be granted based on the Fourth Amendment, simply arguing that the admission of that evidence also constituted violations of Petitioner's rights to due process, or to a fair trial, cannot expand the type of relief available. Even though other constitutional rights may be "at stake, [Petitioner's] allegation that evi-

dence admitted against him should have been suppressed is a Fourth Amendment claim." *Id.* at 1087.

Petitioner also argues that apart from the question of whether evidence obtained as a result of the wiretaps should have been suppressed, the failure to disclose the unredacted affidavit submitted in support of the wiretap applications is a separate violation of his constitutional rights, including his rights "to a fair trial, due process, [and] to present a defense, as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments." Petition at 13–14. Petitioner asserts, however, that he sought the wiretap affidavits not to discover the identity of any confidential informants, but to support his argument that the wiretaps had been approved without proper showings of either probable cause or necessity, and that evidence obtained from, or as a result of information learned from, the wiretaps should therefore be suppressed. *Id.* at 14–17. Thus, his argument that the wiretap affidavits should have been disclosed is inextricably linked to his Fourth Amendment claims. In theory, if Petitioner had obtained the affidavits he might have prevailed in showing that the wiretaps were not constitutional. However, even if this Court now assumes that the wiretaps were in fact unconstitutional, there is no remedy available to Petitioner here to address the admission of evidence obtained from those wiretaps at his trial, for the reasons discussed above.

 Petitioner also appears to argue that the failure to disclose the affidavits may have constituted a failure by the State to disclose "evidence which may exculpate or exonerate the accused," in violation of the *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), line of cases. Petition at 17. However, there is nothing in the record to suggest that anything in the wiretap affidavits would have constituted exculpatory evidence subject to *Brady*. To "make out a *Brady* violation, the evidence must be material, which means there must be a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Morris v. Ylst*, 447 F.3d 735, 741 (9th Cir.2006) (internal quotations omitted). Petitioner has made no showing that such a reasonable probability exists. Nor is it likely that anything in the wiretap affidavit could have constituted "evidence which may exculpate or exonerate" Petitioner. The affidavit was submitted to the court in order to obtain the wiretaps in the first place, and thus the affidavit necessarily predated the wiretaps. Petitioner was not the target of the investigation, and only became known to the investigating agents because one of the wiretaps captured conversations indicating that the primary target of the investigation was storing drugs at Petitioner's home. It seems highly unlikely that anything in the affidavit drafted before the investigating agents had ever heard of Petitioner could constitute exculpatory evidence regarding Petitioner. Nor does it seem likely that such evidence, if it did exist, would be sufficient to outweigh the significant evidence supporting Petitioner's conviction that was introduced at trial. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *U.S. v. Agurs*, 427 U.S. 97, 109–10, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). "Petitioner must show how the information or evidence would be both material and favorable to his defense." *Cooper v. Brown*, 510 F.3d 870, 925 (9th Cir. 2007). Not only has Petitioner made no such showing, he has not even offered any

hypothesis as to what could be in the wiretap affidavits that might be material to anything other than the question of whether the wiretaps were constitutional.

Of course, it is true that Petitioner's complaint is precisely that the affidavits are *not* in the record, thus preventing him from identifying what or where in those affidavits exculpatory evidence might be found. But the rule cannot be that the Respondent has the burden to prove the *absence* of undisclosed *Brady* material. Without the affidavits in the record, this Court cannot hold that theoretical evidence that might hypothetically exist constitutes a *Brady* violation. Under *Pinholster*, this Court must accept the record as it was created in the state court proceedings. 131 S.Ct. at 1398. Petitioner, as the appellant in the Court of Appeal, had the responsibility to provide a record adequate to review his claims. *People v. Whalen*, 56 Cal.4th 1, 85, 152 Cal.Rptr.3d 673, 294 P.3d 915 (Cal.2013). He could have moved to augment the record as necessary. Cal. R. Ct. 8.155(a). On the record as presented to the Court of Appeal, this Court cannot now say that the Court of Appeal made an "unreasonable determination of the facts" in failing to *sua sponte* request a copy of the affidavits. Nor can this Court "remand" the case to the California Court of Appeal for additional fact finding as a means of circumventing the *Pinholster* rule. The United States District Court does not sit in direct review of the California Court of Appeal.

In short, this Court cannot say that the state courts' adjudication of Petitioner's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, the Petition for Writ of Habeas Corpus is hereby DENIED.

In light of the discussion set forth above, the Court hereby GRANTS a Certificate of Appealability with respect to grounds one and two of the Petition, but DENIES a Certificate of Appealability with respect to grounds three and four of the Petition.

**IT IS SO ORDERED.**